IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDRE WILBURN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-65-D |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

On January 15, 2025, Petitioner Andrew Wilburn filed a *pro se* Petition [Doc. No. 1], brought pursuant to 28 U.S.C. § 2241. The Court now conducts an initial review of the Petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts*, which allows the Court to apply Rule 4 of those rules to a § 2241 action.

At the time he filed the Petition, Petitioner was an inmate at Cimarron Correctional Facility in Cushing, Oklahoma. *See id.* at 1; *see also* Pet. Envelope [Doc. No. 1-3] (showing Petitioner mailed the Petition from Cimarron Correctional Facility). In his latest filing, however, Petitioner states that he has been transferred to FCI Gilmer in Glenville, West Virginia. *See* Mot. for Extension of Time [Doc. No. 8] at 1; *see also* Mot. for Extension of Time Envelope [Doc. No. 8-1] (showing Petitioner mailed the Motion from FCI Gilmer); BOP Inmate Locator, https://www.bop.gov/inmateloc/ (showing "Andre Wilburn" to be incarcerated at FCI Gilmer). And based on representations made in the Petition, it appears

Petitioner was originally convicted and sentenced in the Eastern District of New York. *See* Pet. at 1.

A habeas corpus petition may be heard either in the district court where a petitioner is held in custody or in the district where the court that convicted and sentenced petitioner is located. 28 U.S.C. § 2241(d). As mentioned, Petitioner is incarcerated at FCI Gilmer in Glenville, West Virginia, within the district of the United States District Court for the Northern District of West Virginia. *See* 28 U.S.C. § 129(a). And Petitioner purportedly seeks to challenge his conviction and sentence entered in the Eastern District of New York.[1]

Because Petitioner is not incarcerated in the Western District of Oklahoma, and the challenged conviction or sentence was not entered here, this case cannot proceed in this Court. Since Petitioner challenges his sentence under 28 U.S.C. § 2241, transfer to the district where he is currently housed is appropriate at this time, even if it is later determined that Petitioner must proceed under 28 U.S.C. § 2255. Glenville, West Virginia, where Petitioner is incarcerated, sits within the jurisdiction of the United States District Court for the Northern District of West Virginia, *see* 28 U.S.C. § 129(a); therefore, transfer of this case to that court is appropriate. *See* 28 U.S.C. § 1631 (providing that a district court that finds it lacks jurisdiction to entertain a civil action may, in the interest of justice, transfer such action to any other court in which such action could have been brought).

---

[1] The Court uses the word "purportedly" because, based on the allegations in the Petition, it appears the relief Petitioner seeks is available, if at all, under 28 U.S.C. § 2255. However, the Court will allow the transferee court to make that determination.

**IT IS THEREFORE ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Northern District of West Virginia. The Clerk of Court is directed to take all necessary steps to effectuate the transfer.

**IT IS FURTHER ORDERED** that the pending Report and Recommendation [Doc. No. 7] is deemed **MOOT**. Petitioner's pending motions [Doc. Nos. 4, 5, 8] are deferred for a ruling, if necessary, by the transferee court.

**IT IS SO ORDERED** this 10th day of March, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge